### Kanouse, Plaintiff in error, vs. Martin, Defendant in error.

It is not necessary for a *non-resident Plaintiff in error,* to file security for costs; the bond required by statute on prosecuting his writ of error is all that is required.

*Motion by Defendant in error, that Plaintiff in error file security for costs.*—On the part of the Defendant in error, it appeared that Kanouse, the Plaintiff in error, resided out of the jurisdiction of this court, to wit: in the state of New Jersey.

That a motion had been previously made by the Plaintiff in error in this cause, which was denied with costs; that on service of a copy rule denying that motion, on the attorney for Plaintiff in error, (who was a resident of this state,) and a demand of the costs, the attorney refused to pay, and said he was unable to procure payment from the Plaintiff in error, although he had made application to him for that purpose. No security for costs had been filed by the Plaintiff in error. The pleadings to the special assignment of errors had already reached a surrejoinder.

On the part of the Plaintiff in error, it appeared that this cause was originally commenced in the common pleas of the city and county of New York, and prosecuted to judgment in that court; upon which judgment a writ of error from the supreme court was issued to the common pleas, and

the proper bond, according to the statute on bringing writs of error, executed and filed with the clerk of that court; which was approved by J. W. Edmonds, Esq., circuit judge.

C. W. SANDFORD, *Defts Counsel.*    H. SCOVELL, *Atty for Deft in error.*
G. R. J. BOWDOIN, *Plffs Counsel.*    J. WALLIS, *Atty for Plff in error.*

The counsel for the Defendant in error insisted,

1st. That a non-resident Plaintiff who commences "a suit," must file a bond in a penalty of $250, conditioned "to pay on demand all costs that may be awarded to the Defendant in such suit, (2d R. S. 620, sec. 1 & 3,) and the issuing of a writ of error is a commencement of a new "suit." (2d Saund. R., 101, E.; 7 Term R., 337–8; J. R., 289.)

2d. The filing of a bond for $150 (as was done on the issuing of the writ of error in this cause,) 2d R. S., 596, sec. 27, sub. 2, and sec. 28, sub. 3, conditioned to *pay costs and damages if the party shall fail to prosecute his writ, &c.*, is no compliance with the statute requiring *non-residents to file security for costs;* because *the reasons* for requiring the bond to be filed *are different*, as are the statutes. This appears from the statutes themselves, and the difference in the *penalties, amounts* and *conditions* of the respective bonds.

3d. Under the facts disclosed in the affidavit of the Defendant in error, the attorney of the Plaintiff in error is liable to pay the *interlocutory costs* therein mentioned, under pain of attachment, (*Gillespie* vs. *Stanless*, 1 Howard Sp. T. Rep. 101,) and no *demand* on the non-resident Plaintiff was necessary as a preliminary to the Defendant's motion. (*Talmage* vs. *G. Wallis*, id. 100.)

4th. An order may and should be made under the general and particular clauses of relief asked for by the Defendant's notice, requiring the Plaintiff's attorney *to pay the interlocutory costs* mentioned in the Defendant's affidavit, and requiring the Plaintiff in error *to file the usual bond* for security for costs, and to pay the costs of this motion.

Plaintiff's counsel insisted, that the Plaintiff in error had conformed to the statute on bringing his writ of error, and had given the bond for security for costs which the statute in such cases specifies.

BEARDSLEY, Justice—Held, that it was not necessary to file security for costs; the bond required by statute on prosecuting the writ of error having been given, it was all the statute required. But ordered the proceedings, on the part of the Plaintiff in error, to be stayed until the payment of the $7 costs heretofore ordered; costs of this motion to abide event of the cause.